**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT BOWLING GREEN**

| | |
|---|---|
| **SAMUAL A. VOORHEES** | **PLAINTIFF** |
| **v.** | **CIVIL ACTION NO. 1:10CV-76-M** |
| **ROBERT HUBER** *et al.* | **DEFENDANTS** |

### MEMORANDUM OPINION

#### I. INTRODUCTION

Plaintiff, Samual A. Voorhees, a convicted inmate formerly incarcerated at the Simpson County Detention Center (SCDC),[1] filed this 42 U.S.C. § 1983 action against the following SCDC employees: Jailer Robert Huber and Deputies Leslie Towel, Greg Prince, and Casey Sircy. Plaintiff sues Defendants in their official capacities only. He is seeking money damages in the amount of $150,000.00.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). The Court will now proceed to conduct the required review of Plaintiff's complaint. After doing so, for the reasons set forth below, the Court will dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted.

#### II. FACTS

Plaintiff's claims that Defendants violated his Eighth Amendment right to be free from

---

[1] Since filing this action, Plaintiff has been transferred to the Luther Luckett Correctional Complex in LaGrange, Kentucky.

cruel and unusual punishment stem from the following incidents: 1) Plaintiff was placed in the "drunk tank" for thirty-one hours as a form of discipline without a blanket, sheet or mattress; and the floor of the "drunk tank" had a hole in the middle that contained feces and used toilet paper; 2) that during this time he asked for toilet paper, but the deputies only gave him two squares; 3) that the deputies would not retrieve his hemorrhoid ointment from his cell for him during this time; 4) that the policy of the jail is that inmates receive only one roll of toilet paper per week and that this is insufficient; and 5) that mold grows in the sleeping area and showers and that the jail cleans the shower with bleach but not the sleeping area, and Plaintiff fears that exposure to the mold in the sleeping area could endanger his health.

### III. ANALYSIS

Section 1983 provides a federal forum for injured parties to seek a remedy for the deprivation of their civil liberties. 42 U.S.C. § 1983; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, (1989). "To state a valid § 1983 claim, Plaintiff must establish that: (1) he was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under the color of state law." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Id.*

Furthermore, pursuant to 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Sixth Circuit has "indicated that even though the physical injury required by § 1997e(e) for a § 1983 claim need not be significant, it must be more than *de minimis* for an Eighth Amendment claim to go forward." *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010).

As discussed below, Plaintiff has failed to allege a cognizable constitutional violation as to any of his five complaints.[2]

**Placement in drunk tank for 31-hours**

Plaintiff does not allege that his stay thirty-one hour stay in the "drunk tank" without a blanket, sheet or mattress caused him to suffer an actual physical injury. Moreover, he does not allege that the unsanitary conditions harmed him in any way. *See Miller v. Palmer*, No. 99-2352, 2000 U.S. App. LEXIS 24863 (6th Cir. Sept. 27, 2000) ("Miller presented no evidence that denial of a shower, change of clothes, change of bed linens, and cell cleaning items for a short period of time exposed him to a substantial risk of serious harm or posed a danger to personal hygiene."); *Johnson v. McDonald*, 816 F.2d 680 (6th Cir. 1987) (holding that placement in segregation with allegedly poor conditions for six days did not state a claim).

**Toilet paper**

Plaintiff has not alleged that the failure to receive more than two squares of toilet paper while he was in segregation or that the failure to receive more than one roll a week while out of segregation caused him to suffer any cognizable injury. Short deprivations of hygiene items such as toilet paper standing alone are insufficient to establish a sufficient injury. *Flanory v. Bonn,* 604 F.3d 249, 254 (6th Cir. 2010) (citing *Harris v. Fleming*, 839 F.2d 1232, 1235-36 (7th Cir. 1988) (no constitutional violation where prison officials failed to provide prisoner with toilet paper for five days, and with soap, toothbrush, and toothpaste for ten days)); *Antonelli v. Walters*, No. 07-219-GFVT, 2009 U.S. Dist. LEXIS 29396 (E.D. Ky. Mar. 31, 2009).

---

[2]Because Plaintiff "did not suffer a constitutional violation, the County cannot be found liable under § 1983." *French v. Daviess County*, No. 09-5983, 2010 U.S. App. LEXIS 9187 (6th Cir. 2010). Therefore, the Court need not evaluate whether Plaintiff properly pled official capacity claims against Defendants as suing an individual in his/her official capacity is tantamount to suing the County itself. *Id.*

**Hemorrhoid Ointment**

Plaintiff states that while he was in segregation for thirty-one hours, deputies refused to retrieve his hemorrhoid ointment from his cell for him. Again, Plaintiff fails to allege that this short delay in applying the ointment caused his condition to worsen. As such, he has failed to state a claim. *See Williams v. McLemore*, No. 98-CV-73839-DT, 1999 U.S. Dist. LEXIS 12634 (E.D. Mich. June 3, 1999) ("Plaintiff cannot establish that missing pre-scheduled medical appointments to treat his hemorrhoid condition constitutes a serious medical need.").

**Mold**

Plaintiff speculates in his complaint that mold in the sleeping area could be endangering his health. Plaintiff does not cite any symptoms that he experienced related to breathing the mold such as coughing, allergies, headaches, etc. "A speculative injury does not vest a plaintiff with standing." *King v. Deskin*, No. 99-6381s, 2000 U.S. App. LEXIS 19509 (6th Cir. Aug. 8, 2000). Furthermore, since filing his complaint, Plaintiff has been transferred to another facility. Thus, the threat of future injury has ended.

For the reasons set forth above, the Court will enter a separate Order dismissing Plaintiff's claims.

Date:

cc: Plaintiff, *pro se*
   Defendants
   Simpson County Attorney

4414.008

4